IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE 1,<br>JEREMIAH BROWN,<br>DEEDEE BROOKHART,<br>JOHN DOE 2,<br>LATOYA HUGHES,<br>JOHN DOE 3,<br>JOHN DOE 4,<br>JOHN DOE 5,<br>JOHN DOE 6,<br>JOHN DOE 7, and<br>JOHN DOE 8,<br><br>　　　　Defendants. | Case No. 25-cv-01303-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　　　Plaintiff Matthew Griffin, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

　　　　Plaintiff alleges the following: Plaintiff was transferred into the custody of the Illinois

Department of Corrections from New Mexico under the Interstate Correctional Compact on August 25, 2022. (Doc. 1, p. 6). From August 25, 2022, through September 16, 2022, Plaintiff was housed at the Northern Reception and Classification Center. (*Id.*). On September 16, 2022, Plaintiff was transferred to Lawrence Correctional Center (Lawrence), where he is currently housed. (*Id.* at p. 7). In November 2022, Plaintiff's thirty-two boxes of legal documents arrived from New Mexico. (*Id.*).

Plaintiff is assigned two cells at Lawrence. (Doc. 1, p. 7). He resides in cell CL-22, and cell CL-01 is used as an office and storage area. (*Id.*). On December 20, 2022, Warden Brookhart and Deputy Warden Brown suggested that Plaintiff dispose of his legal documents, and Plaintiff declined to do so. (*Id.*). After Plaintiff refused, his mail began to be "attacked." (*Id.*). Mailroom staff, John Does 1-8, began withholding certain documents from Plaintiff's incoming mail. (*Id.* at p. 7). The documents confiscated and withheld were sent to Plaintiff from family and friends to be used in Plaintiff's various civil cases against government officials. (*Id.* at p. 7-8). When certain documents were confiscated by staff, the remaining documents would be taken from the original mailer and delivered to Plaintiff in a single repurposed envelope, effectively denying Plaintiff access to sender and postal information printed on the original mailer. (*Id.* at p. 15). The senders of the mail were never notified that certain documents from their mailings were confiscated prior to delivery to Plaintiff. (*Id.* at p. 10).

Specifically, on January 23, 2023, John Doe 1, John Doe 2, and Deputy Warden Brown confiscated documents from mailer 2#0068 described as a "Petition for Writ of Habeas Corpus Ad Testificandum, captioned Matthew James Griffin vs Erik A. Hooks, No 3:19-cv-00135-MJR (USDC WDNC)." (Doc. 1, p. 10). Mailroom staff issued Plaintiff a notice indicating that the documents were unauthorized items. (*Id.*). Citing to "LAW 0178," the notice falsely stated that the petition was "'blank paper' and '½ printed,' which constitutes writing material." (*Id.* at p. 10-11).

Warden Brookhart and Director Hughes approved the confiscation of the documents. (*Id.* at p. 11).

On March 7, 2023, Defendants John Doe 1, John Doe 3, and Deputy Warden Brown confiscated documents from mailers 2#0070 and 2#0071, and the mailers themselves. (Doc. 1, p. 12). The documents confiscated were from cases *"*Griffin vs Bryant, No. 5:17-ct-03173 (USDC-EDNC)" and "Griffin vs Moon, No. (USDC-ED Cal.)," and a copy of an Illinois grievance tracking log. (*Id.*). Plaintiff was issued a single notice indicating that the documents taken from both mailers were unauthorized items. The reason for confiscation on the notice form was "LAW 0178 appears to be documents and mailers." (*Id.*). The confiscation was approved by Warden Brookhart and Director Hughes. (*Id.*).

On March 10, 2023, John Doe 1, John Doe 4, and Deputy Warden Brown confiscated documents from mailers 2#0072A, 2#0072B, and 2#0072C. (Doc. 1, p. 13). The documents confiscated included (1) a copy of an Illinois grievance tracking log; (2) documents from "Griffin vs Hooks*,* No. 3:19-cv-00135-MR (USDC-WDNC);" (3) pages from Plaintiff's master index of legal documents; and (4) judicial records from PACER. (*Id.*). Plaintiff received a single notice form for the confiscation of the documents from all three mailers, and the remaining documents were combined into a single envelope. (*Id.* at p. 15). Warden Brookhart and Director Hughes approved the confiscation of the documents. (*Id.*).

Sometime between March 11, 2023, and April 2, 2023, John Doe 1, John Doe 5, and Deputy Warden Brown confiscated documents from mailer 2#0073. (Doc. 1, p. 16). The documents taken from mailer 2#0073 included (1) a page from a memorandum of law from "Griffin vs Moun, No. (USDC ED Cal.);" (2) a Federal Rules of Appellate Procedure Rule 28(j) letter; and (3) pages from Doc. 12 in case "Griffin vs Daves, No. 22-6779, USCA 4." (*Id.*). Again, the mailer was taken, and the remaining documents were placed in a used envelope. (*Id.*). Plaintiff did not receive a notice form for the confiscation of these documents. (*Id.*).

On March 29, 2023, John Doe 1, John Doe 6, and Deputy Warden Brown confiscated documents from mailer 2 #0078, part A. (Doc. 1, p. 17). The documents confiscated contained the USPS tracking information for the 32 boxes containing Plaintiff's legal documents that were sent from New Mexico to Illinois. (*Id.*). The original mailer was not given to Plaintiff. (*Id.*). The notice given to Plaintiff indicates that the reason for confiscation was LAW 0178, unauthorized items, "writing supplies." (*Id.*). Warden Brookhart and Director Hughes approved the confiscation of these documents. (*Id.*).

On March 28, 2023, John Doe 1, John Doe 7, and Deputy Warden Brown confiscated documents from mailers 2#0075, 2#0076, and 2#0077. (Doc. 1, p. 18). The documents confiscated included (1) a Petition for Writ of Habeas Corpus Ad Testificandum; (2) documents relating to certificate of service; and (3) a judicial opinion from "Griffin v. Bryant*,* 56 F. 4th 328 (4th Cir. 2022)." (*Id.*). Plaintiff received one notice form for the confiscation of documents from all three mailers. (*Id.*). The reason for confiscation was, again, "writing supplies." (*Id.*). Plaintiff received the remaining documents together in a single envelope. (*Id.*). Warden Brookhart and Director Hughes approved the confiscation of these documents. (*Id.*).

On March 31, 2023, John Doe 1, John Doe 8, and Deputy Warden Brown confiscated documents from mailer 2#0079. (Doc. 1, p. 19). The documents confiscated included (1) a judicial opinion from "Griffin v. Riveland*,* 148 F.R.D. 266 (E.D. Wash. 1994);" (2) a PACER docket sheet from "Griffin v. Bryant (USDC-EDNC);" and (3) pages from Doc. 163 from "Griffin v. Bryant (USDC-EDNC)." (*Id.*). Plaintiff was not given the original mailer, and the remaining documents were delivered to Plaintiff in a repurposed envelope. (*Id.*). Plaintiff received a notice form but the reason for confiscating the documents is unclear. (*Id.*). Warden Brookhart and Director Hughes approved the confiscation of these documents. (*Id.*).

Plaintiff used the grievance process at Lawerence to request that all documents, envelopes,

and mailers be retained for judicial review. (Doc. 1, p. 9). Plaintiff's grievances were denied by Warden Brookhart and Director Hughs. (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

> **Count 1:** First Amendment claim against John Doe 1, Brown, Brookhart, John Doe 2, Hughes, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, and John Doe 8 for intentionally withholding Plaintiff's incoming mail.
>
> **Count 2:** First/Fourteenth Amendment access to courts claim against John Doe 1, Brown, Brookhart, John Doe 2, Hughes, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, and John Doe 8 for intentionally withholding Plaintiff's incoming mail.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

"The First Amendment protects a prisoner's interest in his incoming and outgoing mail correspondence." *Felton v. Brown,* 129 F. 4th 999, 1011 (7th Cir. 2025) (citing *Van den Bosch v. Raemisch,* 658 F.3d 778, 785 (7th Cir. 2011)). This interest, however, can be lawfully restricted. "Incoming mail is governed by the test announced in *Turner v. Safley*, 482 U.S. 78, 107 (1987), which asks whether the prison's censorship is 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner,* 482 U.S. at 89)).

Plaintiff claims that on at least seven separate occasions, Defendants, acting usually

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

pursuant to LAW 0178, wrongly and intentionally deemed documents in his incoming mail as "unauthorized items," specifically, "writing material," and confiscated the documents. (Doc. 1, p. 10-11). He states that LAW 0178 defines "writing material" as "paper, envelopes, pens, pencils, stamps, etc." and argues that "etc." can mean anything, resulting in prohibiting receipt of judicial petitions on printed paper. (*Id.* at p. 11). Plaintiff further contends that the taking of the documents was "content based" and "constituted censorship and the denial of the right to communicate." (*Id.* at p. 19). At the pleading stage, Plaintiff has alleged enough facts establishing that the confiscation of his documents was not reasonably related to a legitimate penological interest and violated his rights under the First Amendment. Count 1 will proceed against John Doe 1, Brown, Brookhart, John Doe 2, Hughes, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, and John Doe 8.

**Count 2**

Plaintiff asserts that the documents confiscated by Defendants "related in whole or in part to civil litigation against prison officials." (Doc. 1, p. 8, 12, 15, 16, 17, 18, 19).

Prisoners are entitled to meaningful access to the courts under the First and Fourteenth Amendments. *See Snyder v. Nolen,* 380 F.3d 279, 291 (7th Cir. 2004). A prisoner's ability to send and receive "legal mail," therefore, is entitled to greater protection "because of the potential for interfering with a prisoner's access to the courts." *Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007) (citing *Kaufman v. McCaughtry,* 419 F.3d 678, 685-6 (7th Cir. 2005)). "A prisoner's access to the courts may be compromised, for example, when prison officials read private communications between the prisoner and his lawyer about the prisoner's litigation against those officials." *Delgado v. Hughes,* No. 24-1407, 2024 WL 3812287, at *1 (7th Cir. 2024) (citing *Guajardo-Palma v. Martinson,* 622 F.3d 801, 802–03, 805 (7th Cir. 2010)).

Plaintiff has failed to state a claim for denial of access to courts based on the opening and

confiscating of his incoming mail. First, the documents described do not appear to be "legal mail." The term "legal mail," "does not include everything an incarcerated person sends or receives related to a lawsuit." *Corbeil v. Waushara Cnty. Jail,* No. 25-cv-768-pp, 2025 WL 3171303, at *3 (E.D. Wisc. 2025)(citing *Kaufman,* 419 F. 3d at 686)). "Public documents and 'routine and nonsensitive' documents do not implicate the right of access because reading them would not give prison officials insights into a prisoner's legal strategy or interfere with confidentiality." *Sovereignty Joeseph Helmueller Sovereign Freeman v. Wilson,* No. 23-1962, 2023 WL 8274582, at *2 (7th Cir. 2023) (citing *Guajardo-Palma,* 622 F. 3d at 804-806)). Here, the documents, even the habeas petitions, were sent by family and friends and were copies of documents already on public dockets or publicly available. The act of opening Plaintiff's mail outside his presence, therefore, could not violate his right to access the courts.

Second, Plaintiff does not provide sufficient facts from which the Court could plausibly infer that Defendants hindered him in his pursuit of any legal matter because certain documents were confiscated. To plead a denial of access to courts claim under the First and Fourteenth Amendments, a plaintiff must establish that the defendant's conduct impeded his ability to pursue legal claims and that he suffered "actual injury as a result." *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009). Here, Plaintiff has failed to identify any specific legal claim that he has been prejudiced by the alleged confiscation of his mail sent by family and friends. He states that some of the documents were from cases he is currently or have previously litigated and are generally "related to civil litigation." He does not, however, provide any facts to support the conclusion that "[D]efendants' conduct prejudice[d] a potentially meritorious challenge to [Plaintiff's] conviction, sentence, or conditions of confinement…" *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Accordingly, Count 2 is dismissed.

**DISPOSITION**

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against John Doe 1, Jeremiah Brown, DeeDee Brookhart, John Doe 2, Latoya Hughes, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, and John Doe 8. **COUNT 2** is **DISMISSED without prejudice**.

The Clerk of Court **SHALL** prepare for Defendants Brown, Brookhart, Hughes, and John Does 1-8 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 16, 2026**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.