**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MATTHEW JAMES GRIFFIN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-cv-01303-SPM** |
| **JOHN DOE 1,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff has filed a motion asking the Court to strike certain affirmative defenses from Defendants' Answer to the Complaint and to apply the prison mailbox rule to the Complaint. (Doc. 26). Defendants did not file a response in opposition to the motion. For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

### REQUESTS TO STRIKE

Although motions to strike are generally disfavored because they often serve only to delay, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), the requests to strike the third and fifth affirmative defenses are **GRANTED**.

Defendants raise sovereign immunity as their third affirmative defense and assert that any claim made by Plaintiff for monetary damages against a defendant in his or her official capacity is precluded by the Eleventh Amendment. (Doc. 24, p. 8). In the Complaint, however, Plaintiff states that he is seeking monetary damages from Defendants in their individual capacities and injunctive relief from Defendants in their official capacities. (Doc. 1, p. 2). Because Plaintiff is not proceeding on any claims that "implicate sovereign immunity, that affirmative defense is moot," and therefore,

Page 1 of 3

**DEEMED STRICKEN**. *See Cooper v. Roach,* No. 19-cv-159-jdp, 2019 WL 5682899, at *4 (W.D. Wisc. Nov. 1, 2019).

The fifth affirmative defense of failure to disclose litigation history is also **DEEMED STRICKEN**. (Doc. 24, p. 9). As Plaintiff argues, Defendants have incorrectly stated that failure to disclose litigation history results in dismissal of claims under the Prison Litigation Reform Act. (*Id.*). A court has the discretion to dismiss a lawsuit as a sanction when a party "disobeys a court order that allows the court to control its docket or manage the flow of litigation," such as an order to disclose case history included on a complaint form. *Greyer v. Ill. Dep't of Corr.,* 933 F.3d 871, 877 (7th Cir. 2019). However, the requirement to disclose case history is a way in which the courts administer the three-strikes rule of 28 U.S.C. §1915(g) and is not itself a requirement delineated in the Prison Litigation Reform Act. Dismissing a case for failure to disclose prior litigation history is generally a sanction imposed by a court for fraudulent conduct and is not an affirmative defense. *See e.g., Greyer v. Ill. Dep't of Corr.,* 933 F.3d 871, 880 (7th Cir. 2019) (courts have the discretion to sanction bad faith conduct, which includes failing to disclose "a case that led to a strike, or that demonstrated that the prisoner had already struck out," or a previously filed case that would reveal the current case is 'frivolous or malicious.'"); *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). *See also Lindell v. Pollard,* No. 19-CV-255, 2020 WL 8718030, at *3 (E.D. Wisc. Jan 13, 2020) ("Section 1915(g) is not an affirmative defense." (citing *Harris v. City of N.Y.,* 607 F.3d 18, 23 (2d Cir. 2010))). Therefore, Plaintiff's request to strike the fifth affirmative defense is granted.

### PRISON MAILBOX RULE

Because Defendants raise the statute of limitations as an affirmative defense, Plaintiff asks the Court to apply the prison mailbox rule and deem his Complaint filed as of June 23, 2025. (Doc. 26, p. 5). Plaintiff's argument seeking application of the prison mailbox rule is improper at this time. When and if Defendants elect to file a motion for summary judgment regarding the statute

of limitations, Plaintiff will then have the opportunity to file a response brief in opposition and argue why the prison mailbox rule should apply. Thus, the request to deem Plaintiff's Complaint filed as of June 23, 2025, is **DENIED** at this time.

    **IT IS SO ORDERED.**

    **DATED:   July 7, 2026**

                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**