**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MATTHEW JAMES GRIFFIN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEREMIAH BROWN, *et al.*,**<br><br>**Defendants.** | **Case No. 25-cv-01303-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on several motions filed by pro se Plaintiff Matthew James Griffin.

## I. Motion to Substitute Party

Currently, Plaintiff is proceeding on a First Amendment claim against Defendants, including Warden DeeDee Brookhart and Deputy Warden Jeremiah Brown, for the wrongful confiscation and mishandling of his mail in 2023 (Count 1). (Doc. 9). Plaintiff seeks monetary damages and injunctive relief. To the extent he seeks injunctive relief, Plaintiff asks the Court to substitute Brown, in his official capacity, for Brookhart, in her official capacity, as Brown is now the current warden of Lawrence Correctional Center. (Doc. 42).

As mentioned, Plaintiff requests injunctive relief in the "Request for Relief" section of his Complaint. (*See* Doc. 1, p. 25). A request for injunctive relief is a remedy, "not a cause of action," and therefore, was not characterized as a separate count by the Court in the Merit Review Order at Doc. 9. *See Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019). Nor was the request dismissed by the Court, as Defendant Brown argues. (Doc. 44). At this point, the issue of Plaintiff's entitlement to injunctive relief is premature, and injunctive relief remains available to him. That being said,

Plaintiff's motion requesting substitution is not proper because Plaintiff did not state in the Complaint that he is suing Brookhart in her official capacity, so there is nothing to substitute. The Motion to Substitute is therefore **DENIED**. (Doc. 42). The Court, however, will allow Plaintiff to proceed against Jeremiah Brown in both his official and individual capacities for the purpose of obtaining damages and implementing any injunctive relief that may be awarded at the close of this case. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011).

## II. Motion for Miscellaneous Relief

Plaintiff has filed a motion taking issue with General Order No: 18-0014 Procedural Rules for Electronic Filing Program. (Doc. 45). Specifically, he objects to the provision which provides that inmates will receive a NEF for documents filed by the defendants from law library staff, but staff will not print the document itself. Rather, the defendants will mail to the plaintiff, via the United States Postal Service, a copy of any document they file. Plaintiff prefers to receive the NEF and a complete copy of the defendants' document together by mail at the same time. To the extent he seeks to modify General Order No: 18-0014, the request is **DENIED.** (Doc. 45).

## III. Motion for Extension of Time

The Court **GRANTS** Plaintiff's Motion for Extension of Time. (Doc. 46). Plaintiff states that he has not received the Motion for Summary Judgment (Doc. 40) and the Rule 56 Notice (Doc. 41). The Court, therefore, finds good cause to allow him additional time to file his response in opposition. Plaintiff shall respond to the Motion for Summary Judgment on or before **November 5, 2026**.

## IV. Motion to Strike

The Motion to Strike the Motion for Summary Judgment and Rule 56 Notice is **DENIED.** (Doc. 47).

## V. Motion for Entry of Default

The Motion for Entry of Default against Defendant Cecil filed by Plaintiff is **DENIED.** (Doc. 52). While ultimately Defendant Cecil failed to timely respond to the Complaint, the Seventh Circuit

has established a policy favoring a trial on the merits of a case as opposed to default judgment. *See, e.g., Cracco v. Vitran Exp., Inc*., 559 F.3d 625, 631 (7th Cir. 2009). Counsel for Defendant Cecil has entered his appearance and requested additional time to answer and put forth a meritorious defense. Allowing the parties to proceed will not prejudice Plaintiff given that this case is still in the early stages, and John Doe Defendants have not been identified. Accordingly, Plaintiff's Motion for Entry of Default is denied. The request to extend the deadline to answer the Complaint filed by Defendant Cecil is **GRANTED in part**. (Doc. 56). Defendant Cecil shall file her answer to the Complaint on or before **October 29, 2026.**

**VI. John Doe Discovery**

Plaintiff has filed motions seeking additional time to identify the John Doe Defendants and compel John Doe discovery. (Doc. 50, 51, 53, 54). The motion for extension of time is **GRANTED**. (Doc. 50). Plaintiff shall have until **November 12, 2026,** to identify the John Doe Defendants and file a motion to substitute.

Plaintiff's Motion for Leave to File a Motion to Compel is **GRANTED**. (Doc. 54). The Motion to Compel (Doc. 51) will remain pending. Defendants are **DIRECTED** to respond to the assertions in the Motion to Compel by **October 22, 2026**. In their response, Defendants should explain what efforts have been made to assist Plaintiff in identifying John Does 2-8, who are described as individuals who handled or processed Plaintiff's mail in January 2023 and March 2023. The Court will also set a status conference to further discuss the progress of John Doe discovery.

**IT IS SO ORDERED.**

**DATED: October 8, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**